STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL DOCKET
AROOSTOOK, ss                           DOCKET NO. CARSC-CV-13-022


JASON MAILLETT                      )
                                   )
         PLAINTIFF                  )
                                   )
vs.                                )        ORDER ON PLAINTIFF'S
                                   )        MOTION IN LIMINE
                                   )
                                   )
FIRST WIND                         )
         DEFENDANT                  )


Plaintiff has moved *in limine* to exclude after acquired evidence, particularly the testimony of Amy Elizabeth Melott and other evidence suggesting the Plaintiff was drinking on the evening in question, historically drove the company vehicle while intoxicated, overused the company vehicle for pleasure purposes and other prior conduct.


                            BACKGROUND

Defendant terminated Plaintiff from employment on February 10, 2011 for reasons which Defendant asserts relate to events and conduct arising on January 16, 2011.[1] On January 16, 2011, Plaintiff was "on call". While on call he had driven his company vehicle to Presque Isle where the vehicle became disabled. Because his company issued cell phone was not working reliably, Plaintiff did not inform his supervisor that the vehicle had become disabled until the following day. The parties dispute whether in the initial oral reporting that the vehicle had become disabled the Plaintiff told Defendant the vehicle broke down in Mars Hill or Presque Isle. Defendant then received information that caused it to believe the vehicle had in fact broken down in Presque Isle. Defendant therefore asked Plaintiff to provide a written statement detailing the events that occurred the evening of January 16, 2011 when his vehicle became disabled. Upon reviewing the Plaintiff's written statement dated January 26, 2011, Defendant became suspicious that Plaintiff had misrepresented where the vehicle had become disabled. This caused Defendant to obtain the records for the cell phone issued to Plaintiff. Its review of the cell phone records caused Defendant to believe Plaintiff had misrepresented when his cell

---

[1] This review of the facts is made for the limited purpose of addressing Plaintiff's motion and is not intended as "findings of fact". The Court is cognizant that an ultimate question of fact for the jury to address is "why" Defendant terminated the Plaintiff's employment.

1

phone stopped working the evening of January 16. Defendant concluded Plaintiff had given a false written report and misrepresented the location where the vehicle broke down and that his cell phone had stopped working, and asserts those are the reasons why it terminated his employment.

Subsequent to the termination and during the pendency of this litigation, Defendant obtained additional evidence regarding the Plaintiff's actions, conduct and whereabouts on the evening of January 16, 2011, and also regarding his prior use of the company vehicle. In his motion, Plaintiff argues this additional evidence is after-acquired evidence and therefore not admissible.

## DISCUSSION

Generally, after acquired evidence cannot be used to justify an earlier discharge but can be used to limit damages running after the date the after-acquired evidence is obtained. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995). However, an issue in this case is whether Defrendant's reasons for terminating Plaintiff's employment are "pretextual". Once the Defendant has articulated a legitimate, non-discriminatory reason for termination, Plaintiff has the burden to prove the stated reasons are pretextual. *Stanley v. Hancock Cnty. Comm'rs, 2004 ME 157, P.12.* This can be done by showing the circumstances underlying the employer's articulated reasons are untrue, or if even if true, those circumstances were not the actual cause of the employment decision. *Cookson v. Brewer Sch. Dep't, 2009 ME 57, P.16.*

At the time of termination, the potential falsehoods or misrepresentations within Defendant's knowledge causing it to conclude Plaintiff had given a false report were limited to Plaintiff's representations of where the vehicle broke down, and whether his cell phone was working. Those reasons are within the broader conclusion that Plaintiff had given a false written report. Defendant's review of the written report and comparison with other information in its possession was part of an entire process that led Defendant to question Plaintiff's truthfulness and decide to pull cell phone records. Consideration of all the information gathered, including oral statements by the Plaintiff and others, the January 26th written report and cell phone records led Defendant to conclude Plaintiff had misrepresented where the vehicle broke down and whether his cell phone was working. Whether Plaintiff gave false information or misrepresented the truth about his conduct and whereabouts cannot be extricated or isolated from consideration of his written report.

Again, it is Plaintiff's burden to prove that the reasons for termination given by Defendant were pretextual, which can include that Defendant's reasons are untrue. An assertion at trial by Plaintiff that his January 26th written statement is accurate or not a misrepresentation of the actual details goes to the issue whether Defendant's stated reasons for termination are pretextual. As the written statement was one of the representations made by the Plaintiff considered by Defendant leading it to conclude the Plaintiff had made false representations as to where the vehicle broke down and whether

2

his cell phone was working, Defendant should be allowed to challenge the veracity of the written statement if Plaintiff asserts it is accurate.

Plaintiff also raises M.R.Evid. 608(b)(1) to exclude any extrinsic evidence of Plaintiff's conduct on the evening in question.[2] M.R.Evid. 608(b)(1) states in pertinent part: *specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence.* Defendant's use of extrinsic evidence by way of Ms. Melott's testimony would not be to attack Plaintiff's credibility *per se*, but rather to establish that Plaintiff's written statement was untrue or a misrepresentation of the evening's events, to the issue of whether or not Defendant's reasons for termination were pretextual. Again, this will arise only if Plaintiff asserts the January 26th written statement is accurate.

In addition, Rule 608(b) is not applicable to exclude extrinsic evidence of specific instances of conduct showing a particular bias. See *State v. Doughty*, 399 A.2d 1319,1324 (Me. 1979). If the proffered testimony of Ms. Melott reveals potential bias or motive of the Plaintiff in representing or misrepresenting his conduct and the events on the evening in question, then Rule 608(b) is not applicable.

For the reasons set forth above, if Plaintiff asserts at trial that his written statement dated January 26, 2011 is accurate and not a misrepresentation of the events of the evening of January 16, 2011, then Defendant may elicit or offer evidence that addresses such representations. However, the court reserves the right to review such evidence prior to its admission at trial for consideration of relevance, any potential Rule 403 implications or any other evidentiary reason. Regarding evidence of Plaintiff's prior misuse of the company vehicle, and other evidence of his conduct and behavior prior to January 16, 2011, as raised in Plaintiff's motion, the motion *in limine* is granted.

Dated: December 21,2016

Justice, Superior Court

---

[2] Such extrinsic evidence would be testimony of Ms. Melott describing her observations of Plaintiff's activities and conduct that evening.

3